# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:09-cr-00152-RLH-LRL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Correct Judgment –#47) |
| RICARDO GAXIOLA-SANCHEZ, | |
| Defendant. | |

Before the Court is Defendant Ricardo Gaxiola-Sanchez's **Motion to Correct Judgment** (#47, filed Feb. 22, 2012). The Court has also considered Plaintiff the United States of America's Opposition (#48, filed Mar. 12). Plaintiff did not file a Reply.

**BACKGROUND**

On December 11, 2009, Defendant was sentenced to 46-months incarceration in a Deported Alien Found Unlawfully in the United States case. (Dkt. #28,29). In June 2010, the Ninth Circuit Court of Appeals granted the United States' motion for summary affirmance of this Court's judgment. (Dkt. #41). In March 2011, Defendant filed a § 2255 motion to vacate his 46-month sentence. (Dkt. #45). The Court denied this motion. (#46). Defendant has now filed a

motion to correct his judgment based on a new Department of Justice Fast-Track Program. For the reasons discussed below, the Court denies Defendant's motion.

## DISCUSSION

In general, a trial court does not have the authority to alter a sentence once it has been imposed. However, under 18 U.S.C § 3582(c)(2) a trial court may alter a sentence the defendant meets two criteria: (1) he must have been sentenced to a term of imprisonment based on a sentencing range that was later lowered by the Commission; and (2) the reduction must be consistent with the Commission's applicable policy statements." *United States v. Morales*, 590 F.3d 1049, 1051 (9th Cir. 2010), *cert denied*, 131 S. Ct. 207 (2010). The district court lacks jurisdiction if the defendant does not satisfy both requirements. *Id*.

Defendant's motion is denied because he fails to meet both of the above requirements. First, his request is based off of a policy of the Department of Justice, which policy did not alter or amend in anyway the sentencing range on which his sentence was based. Second, the policy at issue is a policy of the Department of Justice not the United States Sentencing Commission. Accordingly, the Court lacks jurisdiction to alter Defendant's sentence. Finally, Defendant's motion is in reality a second or successive § 2255 motion, which is not proper unless approved by the court of appeals. 28 U.S.C. § 2255(h). Therefore, the Court denies Defendant's motion.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion to Correct Judgment (#47) is DENIED.

Dated: April 30, 2012

_____
**ROGER L. HUNT**
**United States District Judge**

AO 72
(Rev. 8/82)